# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 08-3214

_____

| | | |
|---|---|---|
| Hyundai Motor Finance Company, | * * * | |
| Appellant, | * * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| McKay Motors I, LLC; John P. McKay, Jr., | * * * | |
| Appellees. | * | |

_____

Submitted: April 16, 2009
Filed: July 31, 2009

_____

Before WOLLMAN, MELLOY and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

In this diversity action for breach of contract, the district court[1] entered judgment on a jury verdict in favor of Hyundai Motor Finance Company ("Hyundai Finance") against McKay Motors I, LLC ("McKay Motors") and John P. McKay, Jr.

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Hyundai Finance appeals the district court's denial of its post-verdict motion for judgment as a matter of law concerning the amount of damages. For the following reasons, we affirm.

## I.    BACKGROUND

In January 2005, McKay Motors entered into an inventory loan and security agreement with Hyundai Finance, a so-called "captive finance company" for Hyundai Motor America ("Hyundai Motor"), the distributor of Hyundai vehicles in the United States. Hyundai Finance agreed to provide floor plan financing for McKay Motors's inventory of Hyundai vehicles. In turn, McKay Motors agreed to remit to Hyundai Finance the amount of the outstanding advance on each vehicle that it sold. Hyundai Finance took a security interest in the inventory and other collateral at McKay Motors's dealership. In the event that McKay Motors defaulted, Hyundai Finance was authorized to take possession of the collateral and dispose of it by any commercially reasonable means, including by selling certain types of vehicles to Hyundai Motor under a separate repurchase agreement.

In July 2006, during a routine audit, Hyundai Finance discovered that McKay Motors had sold vehicles "out of trust"—that is, without remitting the amount of the outstanding advances on those vehicles to Hyundai Finance in a timely manner. As of July 19, 2006, McKay Motors had an "SOT balance" of $228,000,[2] meaning that McKay Motors owed Hyundai Finance $228,000 for vehicles sold out of trust. On that date, Hyundai Finance sent a letter to Mr. McKay, the namesake and guarantor of McKay Motors, to inform him of the deficit and to demand immediate payment. Hyundai Finance did not exercise its right to take possession of McKay Motors's inventory, nor did it take other steps to stop McKay Motors from doing business. Mr.

---

[2]Monetary amounts are rounded to the nearest thousand dollars in accordance with the convention adopted by the parties.

McKay allegedly responded to Hyundai Finance's initial demand by indicating that he would need a loan to pay off the SOT balance due to a shortage of operating capital at McKay Motors, among other things.

On September 8, 2006, Hyundai Finance sent a letter to McKay and Company, LLC ("McKay and Company"), a separate entity managed by Mr. McKay, offering a loan of $1.25 million. The proposed loan agreement was subject to numerous conditions, including McKay Motors having $400,000 in cash on hand at the time of closing to apply to its SOT balance and other outstanding debts with Hyundai Finance. On September 13, 2006, Mr. McKay accepted the terms of Hyundai Finance's proposal. Over the next two months, however, this loan agreement unraveled. By December, it was clear that the closing would not occur.

On December 20, 2006, Hyundai Finance filed this diversity action for breach of the inventory loan and security agreement. As of that date, the SOT balance had increased to $448,000. On January 9, 2007, the district court ordered McKay Motors to deliver its inventory and the other collateral at the dealership to Hyundai Finance for liquidation.

According to Hyundai Finance's calculations, McKay Motors owed $1.36 million at the time Hyundai Finance took possession of the collateral. This amount included the SOT balance ($448,000) and the principal due on forty-six vehicles remaining in McKay Motors's inventory ($911,000). Hyundai Motor repurchased seventeen of those vehicles for $344,000 and Hyundai Finance sold the remaining twenty-nine vehicles at auction for $383,000, which resulted in a total credit to McKay Motors of $727,000. After accounting for additional fees and expenses as well as the proceeds from the sale of other collateral, Hyundai Finance determined that McKay Motors still owed $609,000 in principal and fees and $210,000 in interest, for a total deficiency of $819,000.

At trial, Hyundai Finance sought to recover damages in the amount of $819,000. Although the jury found in favor of Hyundai Finance on its breach of contract claim and rejected the defendants' counterclaims, the jury found that the amount of damages suffered by Hyundai Finance was $276,000. Hyundai Finance then moved for judgment as a matter of law concerning the amount of damages, arguing that the "uncontroverted evidence at trial established Hyundai's damages to be [$819,000], not the [$276,000] that the jury awarded." The district court disagreed on the merits.

The only issue presented in this appeal is whether the district court's denial of Hyundai Finance's post-verdict motion for judgment as a matter of law was erroneous.

## II.    DISCUSSION

Rule 50(a)(2) of the Federal Rules of Civil Procedure provides that "[a] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury" and "must specify the judgment sought and the law and facts that entitle the movant to the judgment." If the district court does not grant a motion for judgment as a matter of law made before the case is submitted to the jury, Rule 50(b) provides that "[n]o later than 10 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59."[3]

Ordinarily, we review de novo a district court's denial of a post-verdict motion for judgment as a matter of law, viewing the evidence in the light most favorable to the verdict. *Structural Polymer Group, Ltd. v. Zoltek Corp.*, 543 F.3d 987, 991 (8th

---

[3]An amendment to Rule 50(b), scheduled to take effect on December 1, 2009, substitutes "28 days" for "10 days."

Cir. 2008).  But if a party fails to articulate with specificity the grounds for its pre-verdict motion for judgment as a matter of law, then judgment as a matter of law "may neither be granted by the district court nor upheld on appeal unless such a result is 'required to prevent manifest injustice.'"  *Conseco Fin. Servicing Corp. v. N. Am. Mortgage Co.*, 381 F.3d 811, 821 (8th Cir. 2004) (quoting *Walsh v. Nat'l Computer Sys., Inc.*, 332 F.3d 1150, 1158 (8th Cir. 2003)); *see also Alternate Fuels, Inc. v. Cabanas*, 538 F.3d 969, 973 (8th Cir. 2008) ("[I]f the movant's legal theories are not articulated before the verdict, review is limited to whether the judgment sought is required to prevent manifest injustice." (internal quotation marks omitted)).  Moreover, we have consistently held that the grounds for a renewed motion for judgment as a matter of law under Rule 50(b) are limited to those asserted in support of the pre-verdict motion for judgment as a matter of law under Rule 50(a).  *See, e.g.*, *Conseco*, 381 F.3d at 821; *Walsh*, 332 F.3d at 1158.  Thus, if a party fails to seek judgment as a matter of law concerning the amount of damages before the case is submitted to the jury, it may not raise the issue for the first time in a post-verdict motion for judgment as a matter of law.  *See Day v. Toman*, 266 F.3d 831, 837 (8th Cir. 2001).

In this case, Hyundai Finance moved for judgment as a matter of law concerning the amount of damages after the jury returned a verdict awarding about one-third of the damages that Hyundai Finance sought.  Hyundai Finance's post-verdict motion for judgment as a matter of law was not styled as the renewal of a pre-verdict motion that had been denied or deferred.  On appeal, Hyundai Finance has not cited to or otherwise identified a pre-verdict motion for judgment as a matter of law concerning the amount of damages.

Having examined the trial record independently, we located three instances in which Hyundai Finance moved for judgment as a matter of law before the verdict.  Hyundai Finance first moved for judgment as a matter of law at the close of the defendants' case-in-chief.  Hyundai Finance's original motion failed to comply with

Rule 50(a)(2) because counsel for Hyundai Finance did not specify the judgment sought and did not set out any law or facts that entitled Hyundai Finance to the judgment. As a result of these deficiencies, it is not possible to determine whether the motion even related to Hyundai Finance's claim for breach of contract—and in particular, the amount of damages resulting from the alleged breach—rather than or in addition to the defendants' counterclaims. The district court denied the motion without further comment.[4]

Hyundai Finance renewed its original motion at the close of all the evidence. The renewed motion also failed to comply with Rule 50(a)(2) because counsel for Hyundai Finance did not specify the judgment sought and did not set out any law or facts that entitled Hyundai Finance to the judgment. This time, counsel referred to punitive damages, which were part of the defendants' counterclaims but were not relevant to Hyundai Finance's claim for actual damages stemming from the defendants' alleged breach of contract. The district court apparently deferred deciding whether punitive damages could be awarded to the defendants and denied Hyundai

---

[4]The discussion of Hyundai Finance's original motion for judgment as a matter of law was limited to the following:

The district court: I assume the counterdefendant moves for judgment as a matter of law. I take it that you do?

Counsel for Hyundai Finance: Yes, sir.

The district court: Your motion is denied. Your exception is saved.

Counsel for Hyundai Finance: On all counts?

The district court: On each and every count.

Finance's renewed motion in all other respects.[5]  After the jury retired to deliberate,

---

[5]The discussion of Hyundai Finance's renewed motion for judgment as a matter of law was limited to the following:

The district court: All right.  Motion by McKay for judgment as a matter of law renewed?

Counsel for defendants:  Renewed.

The district court:  All right.  Overruled; exception saved.

Counsel for Hyundai Finance:  Same here, Your Honor.  Renewed on behalf of Hyundai and Hyundai Motors.

The district court:  Exception saved.

. . . .

Counsel for Hyundai Finance:  Including as to punitive damages, et cetera.

The district court:  What about punitive damages?

Counsel for Hyundai Finance:  Your Honor, there's no evidence that would suggest—

The district court:  Let me hear from them.  I'm inclined to think there's not an issue of punitive damages.

. . . .

The district court:  Over their objection, I'm going to let it go to the jury.  If the jury returns with a punitive damage verdict, . . . I'll be happy to revisit the issue.

the district court said that it would treat all motions for judgment as a matter of law "as being remade here and now" but summarily denied the renewed motions without eliciting additional argument from the parties.

At oral argument before this court, counsel for Hyundai Finance conceded, albeit with some equivocation, that the original and renewed pre-verdict motions for judgment as a matter of law did not deal with the amount of damages "distinctly" or "as a separate issue." Nevertheless, counsel argued that because Hyundai Finance's only claim was for $819,000, the motions "implicitly" sought judgment as a matter of law in that amount.

Although "technical precision" in stating the grounds for a motion for judgment of a matter of law is not necessary, the motion must be "specific enough" to notify the district court and the opposing party of the underlying issue. *Alternate Fuels*, 538 F.3d at 973 (citing *Conseco*, 381 F.3d at 821). Hyundai Finance's pre-verdict motions did not specifically demand judgment as a matter of law concerning the exact amount of damages that Hyundai Finance sought for the defendants' alleged breach of contract. To be sure, we have recognized that a colloquy between counsel and the district court may "flesh[] out" a skeletal motion for judgment as a matter of law and thereby provide the required notice. *See Conseco*, 381 F.3d at 821. But the cursory discussion surrounding Hyundai Finance's pre-verdict motions did not do so. There is simply no indication that the district court and the defendants were aware of Hyundai Finance's theory that the amount of damages was uncontested and therefore should have been decided as a matter of law. On the contrary, counsel for Hyundai Finance assented to "Closing Instruction No. 34," which provided that it was the *jury's* task to determine "[w]hether [the] element of damage has been proved by the evidence," and if so, "[to] fix the amount of money that will reasonably and fairly

---

Counsel for Hyundai Finance:   Thank you, Your Honor.

-8-

compensate Hyundai Finance for the element of damage sustained."[6]  If the amount of damages was in fact uncontested, Hyundai Finance should have moved for the district court to decide that issue as a matter of law before the case was submitted to the jury.  *Cf. Douglas County Bank & Trust Co. v. United Fin. Inc.*, 207 F.3d 473, 477-78 (8th Cir. 2000) (rejecting a proposed exception to Rule 50 for cases involving "an award of damages smaller than anticipated," based in part on the premise that the disappointed plaintiff "could have filed a Rule 50 motion at the close of all the evidence—and before the jury retired—alleging that there was no evidentiary basis for the jury to conclude that the damages were less than [a specified amount]").

To the extent we may consider the merits of Hyundai Finance's appeal, we conclude that the denial of judgment as a matter of law concerning the amount of damages does not constitute a manifest injustice.  *See Conseco*, 381 F.3d at 821; *see also Alternate Fuels*, 538 F.3d at 973.  The district court's instruction regarding the calculation of damages provided that "[i]n order to fairly compensate Hyundai Finance, any award should put Hyundai Finance in no better position than it would have been in if Hyundai Finance and John McKay and McKay Motors had performed all of their promises under the inventory loan and security agreement."  Viewed in the light most favorable to the verdict, the record contains sufficient evidence to support a finding that $276,000 was adequate to fairly compensate Hyundai Finance for its damages.  *See Conseco*, 381 F.3d at 822 (holding that because the appellant failed to comply with Rule 50, "our review is limited to 'whether the record reflects an absolute dearth of evidentiary support for the jury's verdict.'" (quoting *Zachar v. Lee*, 363 F.3d 70, 74 (1st Cir. 2004))).

---

[6]Arkansas follows the general rule that "[t]he amount of damages to be awarded for breach of contract . . . is ordinarily a question for the jury."  *Erhart v. Hummonds*, 334 S.W.2d 869, 873 (Ark. 1960) (quoting *Sinclair Ref. Co. v. Fuller*, 79 S.W.2d 736, 740 (Ark. 1935)).

As of July 19, 2006, the SOT balance was $228,000. McKay Motors's failure to remit that amount to Hyundai Finance placed McKay Motors in default and authorized Hyundai Finance to take immediate possession of McKay Motors's inventory and the other collateral. Yet Hyundai Finance allowed McKay Motors to continue operating until January 2007. Indeed, Hyundai Finance sought to keep McKay Motors in business by offering to loan $1.25 million to McKay and Company.

The defendants introduced evidence showing that as of August 10, 2006, Mr. McKay had more than $423,000 deposited in an account with the Bank of Little Rock, which the defendants argue could have been used to pay off the original SOT balance. In addition, the defendants elicited three particularly relevant pieces of testimony from Sam Frobe, the national manager of commercial credit for Hyundai Finance. First, Frobe stated that he did not demand immediate payment of the SOT balance between September 8, 2006, and December 14, 2006, because Hyundai Finance was "trying to work with Mr. McKay." Second, Frobe agreed that if the proposed $1.25 million loan had closed on time, "all of this would have been resolved." Third, Frobe conceded that he did not recall certain details about the manner in which Hyundai Finance disposed of the forty-six vehicles in McKay Motors's inventory.

A reasonable juror could find that $276,000 was enough to compensate Hyundai Finance for the original SOT balance of $228,000 plus interest and at least some of the deficiency from the sale of the dealership's inventory and collateral. Next, a reasonable juror could find that the increase in the SOT balance from $228,000 to $448,000 was attributable to either Hyundai Finance's decision to allow McKay Motors to continue operating until January 2007, Hyundai Finance's refusal to close on the loan agreement that would have kept McKay Motors afloat, or both. A reasonable juror could then find that Hyundai Finance proved that it disposed of some but not all of the collateral in a commercially reasonable manner and that it was entitled to recover some but not all of the assorted fees and expenses that it claimed. Based on these findings, a reasonable juror could conclude that an award of more than

$276,000 would put Hyundai Finance in a better position than it would have occupied if the parties had performed all of their promises under the inventory loan and security agreement. In short, Hyundai Finance has not shown "an absolute dearth of evidentiary support for the jury's verdict." *See Conseco*, 381 F.3d at 822 (quoting *Zachar*, 363 F.3d at 74). Accordingly, we are not convinced that judgment as a matter of law must be granted to Hyundai Finance to prevent a manifest injustice.[7]

## III.  CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Hyundai Finance's post-verdict motion for judgment as a matter of law.

_____

---

[7]Hyundai Finance did not move in the alternative for a new trial on the issue of damages and at oral argument counsel for Hyundai Finance expressly disclaimed any interest in pursuing such relief.